UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS LaSHAWN PECK,

    Plaintiff,

v.                           CAUSE NO. 3:24-CV-228 DRL-MGG

WILLIAM J. NELSON and MARION
COUNTY PROSECUTOR's OFFICE,

    Defendants.

OPINION AND ORDER

Marcus LaShawn Peck filed a *pro se* complaint challenging alleged inaction on a motion he filed in state court. He sues Judge William J. Nelson in his official capacity and the Marion County Prosecutor's Office over the handling of his "Motion for Relief in the Nature of Writ of Error Coram Nobis." He alleges that the inaction on his motion violated his First Amendment right to petition, his Sixth Amendment right to effective legal counsel, and his Fourteenth Amendment due process and equal protection rights [1 ¶ 5]. He moves to proceed *in forma pauperis* and requests subpoenas.

The court must first determine whether his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). Though the court must construe his complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits spontaneously," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mr. Peck's complaint seeks federal court intervention in a state court proceeding; he wants this court to issue an injunction mandating that the

state court handle his motion, ensure his plea agreement is respected, and ensure that "no unjust enhancements are applied to his current charges" [1 ¶ 8]. He also seeks a declaratory judgment that his rights have been violated [1 ¶ 8] and includes several case citations. The court has reviewed his complaint liberally. It seems to center around a motion filed in a state court criminal proceeding.

First, Mr. Peck names Judge William J. Nelson as a defendant. Mr. Peck cannot proceed against Judge Nelson because judges are immune from suit. A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (citation and quotations omitted). Mr. Peck seeks an order from this court mandating that Judge Nelson rule on a motion, something at the very heart of the judicial role. Judicial immunity bars this claim.

Second, Mr. Peck sues the Marion County Prosecutor's Office. He doesn't say what the office has done to violate his rights, not does he seek any relief against the office. *See Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Mr. Peck has raised claims that lack merit or that are not explained in detail and clearly supported with relevant facts. Additionally, a prosecutor's office is not a "person" for purposes of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989); *see also Jones v. Indiana*, No. 1:08-CV-292-TS, 2009 WL 2168941, 2 (N.D. Ind. July 16, 2009) (Indiana county prosecutor's office was not subject to suit under 42 U.S.C. § 1983). Additionally, as an arm of the state, the county prosecutor's office is entitled to Eleventh Amendment immunity. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019); *Martin v. Noble Cnty. Sheriff's Dep't*, No. 1:18-CV-121, 2021 WL 26310, 23 (N.D. Ind. Jan. 4, 2021).

The court considered affording Mr. Peck an opportunity to file an amended complaint, *see Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), but an amendment here would be futile given what has been said already. Accordingly, the court DENIES Mr. Peck's motion to proceed *in forma pauperis* [3], DENIES his request for subpoenas [2], and DISMISSES his case.

SO ORDERED.

April 3, 2024                                              *s/ Damon R. Leichty*
                                                                        Judge, United States District Court